UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JERRY CLIFFORD JOHNSON, | Case No. 19-cv-02595-JST |
|---|---|
| Plaintiff, | **ORDER DENYING REQUEST TO AMEND PETITION WITHOUT PREJUDICE TO FILING AN AMENDED PETITION; DENYING REQUEST FOR COURT TO ORDER CRIMINAL INVESTIGATION** |
| v. | |
| SCOTT KERNAN, et al., | |
| Defendants. | Re: ECF No. 5, 6 |

## INTRODUCTION

Plaintiff, an inmate at Correctional Training Facility in Soledad, California, has filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff's requests for leave to proceed *in forma pauperis* have been granted in a separate order. Now pending before the Court are Plaintiff's request that the Court order that the California Attorney General and or the United States Attorney General criminally investigate certain officers, some of whom are named defendants (ECF No. 5), and Plaintiff's motion to amend the petition to add evidence and additional defendants (ECF No. 6). For the following reasons, both motions are DENIED.

## DISCUSSION

**1. Request for Criminal Investigation of Defendants**

Plaintiff has requested that the Court order either the California Attorney General or the United States Attorney General to initiate a criminal investigation against Officers Sisemore, Mena, Thompson, Colvin, Fitch, Santiago, Campaigne, Rodriguez, and Hoffman. ECF No. 5. He alleges that these officers have conspired to extend his incarceration beyond his lawful release date of June 22, 2019. *Id.*

The Court construes this as a request for preliminary injunctive relief. The Court does not

have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. *Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *cf. United States v. Arpaio*, 906 F.3d 800, 806 (9th Cir. 2018) (executive, not judicial branch, is endowed with prosecutorial power; court's authority to appoint special prosecutor is extremely limited and is authorized only when necessary to vindicate the court's own authority). The Court therefore cannot order the California Attorney General or the United States Attorney General to take action. Furthermore, the request for investigation is outside the scope of relief available in this action. *See* 18 U.S.C. § 3626(a)(2). Plaintiff's request for a criminal investigation of these officers is DENIED. ECF No. 5.

### 2. Motion to Amend the Petition to Add Evidence and Defendants

Plaintiff's motion to add certain defendants and evidence in a piecemeal fashion is DENIED. ECF No. 6. If Plaintiff wishes to add defendants, claims, or evidence, he must file an amended complaint that is complete within itself. The Court will not attempt to determine Plaintiff's claims by scouring various pleadings in the action.

Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, Plaintiff has not yet amended the complaint. Accordingly, the denial of Plaintiff's motion to add certain defendants and evidence in a piecemeal fashion is without prejudice to filing an amended complaint that is complete within itself.

As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Court cautions Plaintiff that his complaint need only satisfy the standard set forth in Rule 8 of the

Federal Rules of Civil Procedure, which requires only a short and plain statement of the claim(s) showing entitlement to relief; and a demand for the relief sought. Fed. R. Civ. P. 8. At the pleading stage, Plaintiff is not required to submit evidence to support his claim, and the Court will not act as a depository for prematurely filed evidence. The time to support a claim with evidence is in support of, or in opposition to, a dispositive motion; or at trial.

Plaintiff shall be granted twenty-eight (28) days in which to file an amended complaint. If Plaintiff does not wish to file an amended complaint, he must so notify the Court within twenty-eight (28) days, which will result in the complaint docketed at ECF No. 1 remaining the operative complaint.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's request for a criminal investigation of Officers Sisemore, Mena, Thompson, Colvin, Fitch, Santiago, Campaigne, Rodriguez, and Hoffman by either the California Attorney General or the United States Attorney General. ECF No. 5. The Court also DENIES Plaintiff's request to amend his complaint to add certain defendants and evidence prejudice, without prejudice to Plaintiff filing an amended complaint. ECF No. 6. If Plaintiff wishes to file an amended complaint, he shall do so within twenty-eight (28) days of the date of this order. If Plaintiff does not file an amended complaint within twenty-eight days, the complaint docketed at ECF No. 1 will remain the operative complaint. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates ECF Nos. 5 and 6.

**IT IS SO ORDERED.**

Dated: July 19, 2019

JON S. TIGAR
United States District Judge